UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00332-MOC
(3:08-cr-00131-MOC-3)

| TORRIE BROWN, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), and on the Government's Motion to Dismiss (Doc. No. 6). Petitioner seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).

### I. BACKGROUND

On October 8, 2008, Brown pled guilty in this Court to Conspiracy to Possess with Intent to Distribute, and Distribute, Cocaine Base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. Plea, Doc. No. 53; Accept. and Entry of Plea, Doc. No. 58.[1] The presentence investigation report ("PSR") found that Brown had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: a 2001 Minnesota conviction for third degree sale of a controlled substance, and a 2004 North Carolina conviction for common law robbery. PSR ¶¶ 30, 37, 38, Doc. No. 85. The career-offender enhancement increased Brown's adjusted offense level from 32 to 37. Id. at ¶¶ 24-30.

---

[1] Unless otherwise indicated, docket citations that do not appear in parenthesis are from Petitioner's underlying criminal case, United States v. Brown, 3:08-cr-00131-MOC-3 (N.C.W.D.).

Based on the career-offender enhancement, Brown faced a Guidelines sentencing range of 262 to 327 months in prison. Id. at ¶ 64. This Court departed downward and imposed a sentence of 144 months' imprisonment. J., Doc. No. 100. Brown did not appeal.

Brown filed the instant Motion to Vacate through counsel on June 14, 2016, arguing that his sentence should be vacated and that he should be resentenced without the career-offender enhancement because, in light of Johnson, his prior North Carolina conviction for common law robbery no longer qualifies as a predicate felony offense under U.S.S.G. § 4B1.2. (Doc. No. 1.) The Court stayed this action on August 29, 2016, pending the United States Supreme Court's resolution of Beckles v. United States. (Doc. Nos. 4, 5).

Beckles has now been resolved, 137 S. Ct. 886 (2017). The Government has filed a Motion to Dismiss the § 2255 Motion to Vacate based on Beckles (Doc. No. 6), and Brown's counsel moved to withdraw from representation (Doc. No. 9). The Court granted counsel's motion to withdraw and issued an Order advising Brown of his ability to withdraw his § 2255 Motion without prejudice, or respond to the Government's motion to dismiss by June 19, 2017. (Doc. No. 11). Brown has neither moved to withdraw the § 2255 Motion to Vacate nor responded to the Government's Motion to Dismiss.

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness, 135 S. Ct. at 2558; the right to raise a claim under Johnson is retroactive on collateral review, Welch v. United States, 136 S. Ct. 1257, 1265 (2016). However, Johnson addresses only the ACCA's residual clause and "does not call into question application of the Act to the four enumerated offenses, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563.

Moreover, the holding in Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Accordingly, Johnson is inapplicable to Brown's challenge to the career-offender guideline, and § 2255 relief is foreclosed under Beckles. See id.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 Motion to Vacate and grants the Government's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**, and the Government's Motion to Dismiss (Doc. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

---

[2] The ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 3, 2018

Max O. Cogburn Jr
United States District Judge