UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-CR-131-MOC-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TORRIE BROWN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's counseled unopposed Motion for Amended Judgment under The First Step Act of 2018 ("2018 FSA"). For the reasons that follow, the Court determines that defendant is qualified for immediate relief under the 2018 FSA.

In October 2008, Brown pled guilty to a conspiracy to possess 50 grams or more of cocaine base with intent to distribute in violation of 18 U.S.C. § 841. At sentencing in June 2009, the Court found that the offense involved 105.67 grams of cocaine base, a quantity that triggered the enhanced penalties of § 841(b)(1)(A). Based on the drug quantity and the 851 notice filed by the Government, Brown initially faced a statutory range of twenty years to life. At sentencing, however, the Government withdrew its § 851 notice. As a result, Brown faced a statutory range of 10 years to life. The Court calculated a guidelines range of 262 to 327 months under the career offender guideline. The Court granted the government's motion for a four-level downward departure based on Brown's substantial assistance, which produced a post-departure guidelines range of 168 to 210 months. The Court then varied downward to a sentence of 144 months.

1

Under the Fair Sentencing Act of 2010 ("2010 FSA"), certain relief was prospectively afforded in crack cocaine cases, raising the threshold for triggering the Section 841(b)(1)(A) enhancements from 50 grams to 280 grams. This relief was not made retroactively applicable to covered offenses until enactment of the 2018 FSA.

Based on the Court's review of the pleadings, Brown is eligible for relief under the 2018 FSA because he is currently serving a sentence for a "covered offense" under Section 404(a)'s definition: his offense was committed before August 3, 2010, he was subjected to the enhanced statutory penalties under § 841(b)(1)(A), and those statutory penalties were "modified by Section 2 ... of the Fair Sentencing Act."

Because Brown is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accord with Section 841(b)(1)(B)'s statutory penalties, which provide a minimum term of incarceration of five years and a 40-year maximum term, along with a 4-year minimum term of supervised release. The Court will exercise its discretion because Brown has already served more time than would be called for under the First Step Act's retroactive penalties. The increased statutory maximum for a Section 841(b)(1)(A) offense directly increased Brown's guidelines range under the career-offender provision. Reducing the statutory maximum from life under Section 841(b)(1)(A) to 40 years under Section 841(b)(1)(B) decreases the base offense level under the career-offender guideline from 37 to 34. See U.S.S.G. § 4B1.1(b). In Brown's case, that change reduces his total offense level from 34 to 31 and his guidelines range from 262 to 327 months to 188 to 235 months. See U.S.S.G. § 5A (sentencing table for offense level 31 and criminal history category VI).

The Court granted a four-level departure based on Brown's substantial assistance. Factoring in those four levels, the post-departure guidelines range would now be 130 to 162

months. The Court originally imposed a variance equal to 86% of the low-end of the post departure guidelines range. A proportionate variance below the now-applicable post-departure range would equal 111 months.

An alternative calculation would render an even larger reduction. The Probation Office noted in its Supplemental PSR that the 144-month sentence equaled 55% of the low-end of the pre-departure guidelines range. A proportionate reduction from the now-applicable low end of 188 months would equal 103 months.

A reduced sentence applying either of these methodologies would result in Brown's immediate release. As of August 2015, Brown had credit for 71 months in BOP custody. He has served approximately 45 months since that time, meaning that he has credit for at least 116 months, not counting any good-time credit earned since August 2015.

In addition to the Guidelines, the Court has considered the Section 3553(a) factors. Brown's BOP record is exemplary. As of August 2015, the Probation Office reported that he had received zero disciplinary infractions while completing numerous educational programs and work assignments. In addition, Brown's anticipated release date of December 3, 2020, has remained unchanged since the Supplemental PSR's filing, which means that he has avoided any significant discipline and earned his full good-time credit during that period as well. This demonstrated good behavior provides an additional reason for the Court to exercise its discretion.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's counseled unopposed Motion for Amended Judgment under The First Step Act (#173) is **GRANTED**, and the sentence imposed in this matter is modified to provide for a sentence of **TIME SERVED plus 10 days,** with the period

of Supervised Release reduced to four years. All other conditions of the Judgment and the Conditions of Supervised Release shall remain in effect.

The Clerk of Court is instructed to submit to Chambers an expedited Amended Judgment reflecting the determinations contained in this Order.

Signed: May 22, 2019

Max O. Cogburn Jr
United States District Judge